**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2889
_____

In re: MARGARET ADELINE VELTRE,

Debtor

MARGARET ADELINE VELTRE, by her attorney in fact, DINA MILLER,

Appellants

v.

FIFTH THIRD BANK
_____

On Appeal from the United States District Court for the
Western District of Pennsylvania
(No. 2:17-cv-00239)
District Judge: Honorable Joy Flowers Conti, Chief Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 15, 2018

Before: SMITH, *Chief Judge*, CHAGARES, and FUENTES, *Circuit Judges*

(Opinion filed: July 19, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

FUENTES, *Circuit Judge.*

In this bankruptcy action, Margaret Adeline Veltre appeals the dismissal of her debtor complaint to avoid the sheriff's sale of her property to Fifth Third Bank ("Fifth Third") as a preferential transfer under 11 U.S.C. § 547.[1] We will affirm.

## I.

Because we write for the parties, we discuss only those facts necessary to our disposition. Veltre owned residential property in Pennsylvania (the "property"). There were two mortgages on the property: the first was held by Capital One Bank ("Capital One"), and the second was held by Fifth Third. After Veltre defaulted on her mortgage, Capital One initiated foreclosure proceedings. Subsequently, Fifth Third purchased the property at a sheriff's sale for $90,000, an amount sufficient to satisfy Capital One's mortgage.

Months later, Veltre filed for bankruptcy and initiated this adversary proceeding alleging that Fifth Third's purchase of the property was a preference under § 547. In so doing, she asserted that Fifth Third received a pre-bankruptcy windfall at the expense of her estate and other creditors by purchasing the property for a sum well below its alleged market value.[2] The Bankruptcy Court dismissed Veltre's action, concluding that, as a matter of law, execution of a properly conducted, non-collusive sheriff's sale is not a

---

[1] Veltre died during the pendency of the proceedings below. However, her attorney-in-fact, Dina Miller, has continued administering her estate.

[2] Veltre did not dispute that the sheriff's sale complied with state law.

preferential transfer under § 547. The District Court affirmed the Bankruptcy Court and this appeal followed.[3]

**II.**

On appeal, Veltre asserts that a non-collusive sheriff's sale can be set aside as a preferential transfer under § 547. For the following reasons, we disagree.

"A preference is a transfer that enables a creditor to receive payment of a greater percentage of his claim against the debtor than he would have received if the transfer had not been made and he had participated in the distribution of the assets of the bankrupt estate."[4] To avoid a transfer under § 547, a plaintiff must establish, *inter alia*, that the transfer of the debtor's property enabled a creditor "to receive more" than that creditor would have received in a hypothetical Chapter 7 bankruptcy without the alleged preferential transfer.[5] To complete this inquiry, a court must "construct a hypothetical chapter 7 case and determine what the creditor would have received if the case had proceeded under chapter 7 without the alleged preferential transfer."[6]

---

[3] The Bankruptcy Court had jurisdiction under 28 U.S.C. § 157. The District Court had jurisdiction under 28 U.S.C. § 158(a). We have jurisdiction under 28 U.S.C. § 158(d). "Because the District Court in this case sat as an appellate court reviewing a final order of the Bankruptcy Court, our review of its determination is plenary." *In re O'Brien Envtl. Energy Inc.*, 188 F.3d 116, 122 (3d Cir. 1999). In this regard, "we review the Bankruptcy Court's legal determinations de novo, its factual findings for clear error, and its exercise of discretion for abuse thereof." *Id.*

[4] *In re Friedman's Inc.*, 738 F.3d 547, 558 (3d Cir. 2013) (citation omitted).

[5] 11 U.S.C. § 547(b)(5).

[6] *In re Tenderloin Health*, 849 F.3d 1231, 1235 (9th Cir. 2017) (citation and quotation marks omitted).

Here, Veltre maintains that the sheriff's sale of the property is an avoidable preference because it allowed Fifth Third to receive more than it would have under a hypothetical Chapter 7 liquidation. This argument fails. As the Supreme Court noted in *BFP v. Resolution Trust Corp.*, the Bankruptcy Code is ambiguous as to a foreclosed property's value.[7] However, under Pennsylvania law, "it is presumed that the price received at a duly advertised public sale is the highest and best obtainable."[8]

Against this background, as the District Court rightly found, we can presume that the $90,000 obtained for the property at the sheriff's sale was as much as—if not more than—a trustee would have obtained under a hypothetical Chapter 7 liquidation. Said another way, Fifth Third paid $90,000 for a property worth the same amount under Pennsylvania law. As such, Fifth Third could not "receive more" by purchasing the property at the sheriff's sale than it would have received in a hypothetical Chapter 7 liquidation. Thus, Veltre's argument fails.

**III.**

For the foregoing reasons, we affirm the District Court.

---

[7] 511 U.S. 531, 547 (1994).

[8] *Blue Ball Nat'l Bank v. Balmer*, 810 A.2d 164, 167 (Pa. Super. Ct. 2002).